P. A. NICHOLSON v. JOSEPH DOVER.

(Filed 11 September, 1907).

**Principal and Agent—Undisclosed Principal—Contracts—Specific Performance.**

When an agent vested with authority to sell land to a designated person, who is buying for an undisclosed principal, contracts to do so, the undisclosed principal may claim all the rights of his agent not prejudicial to the seller, and enforce the specific performance of the contract. The seller cannot refuse to perform such contract when the personality of the purchaser is not the ground of the refusal, but that he could get a higher price.

ACTION for the specific performance of a contract to sell and convey a tract of land, tried before *W. R. Allen, J.,* and a jury, at May Term, 1907, of the Superior Court of BEAUFORT County. From judgment sustaining the motion to nonsuit and dismissing the action plaintiff appealed.

*Nicholson & Daniel* for plaintiff.
*Bragaw & Harding* for defendant.

BROWN, J.   The defendant owned twenty-nine-thirtieths
of the land described in the complaint, and B. B. Nicholson
owned one-thirtieth.   Each owner seemed desirous of owning
the entire tract or of selling his interest therein.   Negotiations
were conducted with Dover, who was a resident of Pennsyl-
vania, by B. B. Nicholson, through W. B. Rodman, who was
Dover's agent and attorney.   The negotiations are embodied
in twenty-two letters passing between Dover and Rodman and
B. B. Nicholson, all of which are set out in the record, and
which it is unnecessary to do more than refer to.   These let-
ters comprise the basis of the plaintiff's action.   The defend-
ant contends that there is no sufficient contract, in writing or
memorandum, or note thereof, within the requirements of the
statute of frauds.   Besides other letters, which it is unneces-
sary to refer to, we think there are two which plainly author-
ized Rodman to enter into a contract to sell the defendant's
interest in the land.   On 24 May, 1905, defendant wrote Rod-
man: "Now, I want to sell, if possible, and I want you and
Mr. Nicholson to give me the very highest cent that he will
pay me for the land in Chocowinity; then I will give you and
him a definite answer, and we can settle all right."   In the
letter of 21 June, 1905, the authority to sell is confirmed.
After further correspondence, Dover gives Rodman, in his
letter of 1 July, 1905, express authority to sell the land to
B. B. Nicholson upon a basis of $1,800 for the whole tract—
that is to say, Dover was to have twenty-nine-thirtieths of the
$1,800 for his interest.   This proposition was accepted by
B. B. Nicholson in his letter of 30 July, 1905, to Rodman in
behalf of his principal, P. A. Nicholson, the plaintiff.   We
think the letters set out in the record are a sufficient compli-
ance with the requirements of the statute.   It has always been
held that letters addressed to a third party, stating and affirm-
ing a contract, may be used against the writer as a memoran-
dum of it.   Brown on Statute of Frauds, sec. 354a, and cases
cited.   Such writings are sufficient evidence of the contract

to warrant the Court in giving effect to it. *Mizell v. Burnett,* 49 N. C., 254. The principal contention of the learned counsel for defendant is, that, although Rodman might have been vested with ample power to sell, the authority was to sell to B. B. Nicholson and not to this plaintiff.

The correspondence, as well as the testimony of B. B. Nicholson and P. A. Nicholson, proves that the negotiations for the purchase of Dover's interest in the lands was conducted by B. B. Nicholson for the plaintiff, and that the offer of Dover, made through Rodman, was accepted by B. B. Nicholson for plaintiff. This was well known to Rodman, and the fact that he failed to disclose it to Dover will not avoid the contract of sale or relieve Dover from its performance. Assuming that, so far as Dover is concerned, the plaintiff is an undisclosed principal as to him, yet the plaintiff may enforce the contract made on his behalf by B. B. Nicholson, his agent. The right of a principal to maintain an action on a written contract made by his agent in his own name, without disclosing the name of the principal, is well settled. *Oelrichs v. Ford,* 21 Md., 489; *Towboat Co. v. Tel. Co.,* 52 S. E., 766 (Ga.); *Cowan v. Fairbrother,* 118 N. C., 406. If Dover had personally conducted this correspondence directly with B. B. Nicholson, who was acting for the plaintiff, an undisclosed principal, the latter could enforce the contract as against Dover. The fact that he conducted it through his agent will not alter the case. "It is a well-established rule of law that when a contract, not under seal, is made with an agent in his own name for an undisclosed principal, either the agent or the principal may sue upon it, the defendant in the latter case being entitled to be placed in the same position at the time of the disclosure of the real principal as if the agent had been the real contracting party." *Barnham v. Bell,* by *Shepherd, C. J.,* 112 N. C., 133; Ewell's Evans on Agency, 379; Story on Agency, 420; Wharton on Agency and Agents, 403. The defendant authorized Rodman to sell to B. B. Nicholson upon

certain terms. The agent, not exceeding the authority con-
ferred upon him, contracted to sell to B. B. Nicholson accord-
ing to the instructions given him. B. B. Nicholson was act-
ing, so it turns out, as the agent of the plaintiff, whose interest
was not disclosed to defendant. Under these conditions the
acts of the agent, Rodman, are equally binding upon the prin-
cipal, Dover, as if the principal had done the act himself. In
other words, so long as Rodman was obeying his instructions
in selling to B. B. Nicholson, it made no difference whether
the contract was made directly by Dover, the principal, or
through Rodman, the agent; the effect would be the same.
The principal is liable where the agent acts within the scope
of his apparent authority, provided a liability would attach
to the principal if he were in the place of the agent. *Naviga-
tion Co. v. Bank,* 47 U. S., 344; *Ford v. Williams,* 62 U. S.,
287. The law is stated very clearly by the Supreme Court of
Georgia, as follows: "When an agent makes a contract with-
out disclosing the name of his principal, the principal may
claim all his rights, with the single limitation that the other
party shall not be injured thereby." *Woodruff v. McGehee,*
30 Ga., 158.

It follows that, if Rodman, acting for the defendant and
within the scope of his powers, made a valid contract with
B. B. Nicholson, and the latter at the time was acting for
the plaintiff, the latter may enforce the contract against the
defendant to the same extent that B. B. Nicholson could en-
force it, although the defendant had no knowledge at the time
of plaintiff's interest. The defendant has in no way been
injured. Whatever equity or claim the defendant could set
up against the agent he could set up against the principal
when he was disclosed. In this case the defendant has no
grievance against either. He simply declines to carry out his
valid contract, made by an authorized agent, because, as he
writes Rodman on 11 September, 1905, he had just received
an offer of $2,000 cash for the land. The personality of the

purchaser was not the ground of plaintiff's refusal, but the fact that he could get a higher price. Taking the evidence to be true, the plaintiff is entitled in the Superior Court to a decree for specific performance. It is so ordered.

Reversed.

CLARK, C. J., did not sit.