### MRS. R. E. WOODARD v. CHARLES M. STIEFF.

(Filed 1 March, 1916.)

**Principal and Agent—Undisclosed Principal—Contract—Breach of Warranty —Parties.**

> Where a husband, acting for his wife, executes in his own name a simple contract of purchase of a piano, without disclosing his representative capacity, the wife may maintain an action in her own name for damages on a breach of warranty of the instrument.

APPEAL by defendant from *Rountree, J.,* at November Term, 1915, of WILSON.

Civil action to recover damages for breach of a contract of warranty in the sale of a piano.

The contract was in writing and was signed by the husband of the plaintiff, apparently in his own right, but the plaintiff introduced evidence tending to prove that it was her contract, and that her husband was acting as her agent in signing it.

There was no evidence that the defendant knew that the plaintiff was a party to the contract.

There was a verdict and judgment in favor of the plaintiff, and the defendant appealed, assigning the following as errors:

1. For that the court refused, upon the defendant's request, to give the following special instruction to the jury: "That the measure of

damages in this case should be the difference between the purchase price of the instrument and the actual worth of the same at the time it was purchased."

2. For that the court, over defendant's objection and exception, instructed the jury as follows: "Now, he could have made a contract for her and signed her name and his as agent, or he could have signed his name without disclosing her identity or the fact that he was her agent, and still he might have been her agent. I may make a contract for you and sign my name to the contract, and the contract may be apparently my own, and yet you may be, in reality, the purchaser; and you could do the same for me or anybody. He could sue you or me. The Stieff Piano Company could have sued Mr. Fred Woodard on that contract, because he signed it and said it was his contract; and the Stieff Piano Company could have sued Mrs. Woodard if, as a matter of fact, she made the contract through the agency of her husband; and she could sue on the contract. After all, it is merely a question of fact."

3. For that the court denied the defendant's motion to set aside the verdict, and for a new trial.

4. For that the court signed judgment.

*H. G. Connor, Jr., for plaintiff.*
*O. P. Dickinson for defendant.*

ALLEN, J. The first assignment of error is abandoned in the brief of the appellant, and the third and fourth are formal for the purpose of preserving the other exceptions.

The authority to set aside a verdict because against the weight of the evidence, which is vested in the trial judge, is discussed in the brief, but this is a discretionary power, which will not be reviewed except when there has been a gross abuse of discretion, of which there is no evidence in this record. *Harvey v. R. R.,* 153 N. C., 567.

The second assignment presents the question of the right of an undisclosed principal to maintain an action upon a contract executed by his agent in his own name, and the ruling and instruction of his Honor are in accord with authority here and elsewhere.

As was said in *Barham v. Bell,* 112 N. C., 133, and quoted with approval in *Nicholson v. Dover,* 145 N. C., 20, "It is a well established rule of law that when a contract, not under seal, is made with an agent in his own name for an undisclosed principal, either the agent or the principal may sue upon it, the defendant in the latter case being entitled to be placed in the same position at the time of the disclosure of the real principal as if the agent had been the real contracting party." Ewell's Evans on Agency, 379; Story on Agency, 420; Wharton on Agency and Agents, 403.

No error.