## REDON et ux. v. STANDARD ACC. INS. CO. OF DETROIT, MICH., et al.

### No. 16103.

Court of Appeal of Louisiana. Orleans.

June 10, 1935.

Eraste Vidrine, of New Orleans, for appellants.

Geo. Montgomery and M. C. Scharff, both of New Orleans, for appellees.

LECHE, Judge.

Plaintiff filed this suit for damages for injuries sustained by her as the result of a fall which occurred in defendant's clothing store. From a judgment in favor of plaintiff, defendant has appealed.

Plaintiff entered defendant's store around noontime on June 18, 1932, for the purpose of purchasing some oilcloth. She was met at the entrance by one of defendant's employees, who preceded her down an aisle in the direction of the oilcloth counter, and, while following this employee at a distance of several feet, slipped and fell, sustaining certain injuries. She was assisted to the rear of the store by the floorwalker, who was attending her, and there placed in charge of two young ladies employed in the store, who ministered to her as best they could until the arrival of her husband. Plaintiff was uncertain concerning just which foot slipped, but testified that the fall was caused by a greasy spot on the floor, which showed the mark of her heel, and further testified that after the fall there was a greasy spot on her dress. Plaintiff's husband, who arrived some forty minutes after the accident, also testified that he saw the greasy spot on the floor and noticed the mark made by his wife's heel. The record shows that the floors had not been scrubbed for several years, but were kept clean and free from dust by sweeping in conjunction with the use of a certain floor sweeping compound. The ingredients of this compound were two-thirds sawdust and one-third sand, combined with a noninflammable neutral oil. The floor was swept every morning just before 8 o'clock, the compound being spread on the floor immediately in front of the broom and worked toward the back of the store, where it was picked up and disposed of. None of defendant's witnesses remembered seeing an oil or grease spot on the floor at the place where plaintiff fell. Their testimony shows that none of them made any particular effort to examine the exact spot, and their observations were made principally to determine whether or not there was a box or other obstruction in the aisle.

The record does not disclose that the floor sweeping compound was used in any other manner than was usual or customary, and it was, no doubt, a very satisfactory product, but the manufacturer thereof, called by defendant as a witness, testified that it contained oil to the extent of 25 per cent. of its weight. He stated that the oil was absorbed by the sawdust, the effect of which was to allay the dust, when properly used.

There can be no doubt that in spreading this compound on the floor and sweeping it up, a certain amount of the oil would be left behind, which amount, however, would ordinarily be insignificant. The record shows that the floor was never scrubbed, but swept every morning in conjunction with the compound, which convinces us that over a period of time, due to the constant use of the compound, a considerable amount of the oil must have accumulated upon the floor, not necessarily evenly distributed over the entire floor, but perhaps thicker in some spots than in others, and it was unquestionably upon one of these spots that plaintiff slipped and fell. The slipping of a heel upon such a spot would have left a mark as described by plaintiff and her husband and would have resulted in such a spot as plaintiff testified was on her dress. None of defendant's witnesses appeared to be very positive in their testimony, and we therefore conclude that the injury occurred in the manner described and was due solely to de-

fendant's negligence, no contributory negligence being alleged or proven. The authorities in such cases are set forth in our opinion in Ransom v. Kreeger Store, Inc., 158 So. 600.

The amount of the expenses in the sum of $236 has been proved to our satisfaction.

█ The record shows that plaintiff suffered an injury to her left wrist, consisting of a fracture of the radius and ulna. The injury did not clear up in the usual time, but developed a fibrous ankylosis, involving the extensor tendons of her four fingers, resulting in an inability to close her hand due to the binding down of the tendons from scar formation. However, at the time of the trial, she had recovered about 98 per cent. of the normal use of her hand, there still being some inability to grasp objects tightly. She was under treatment by her physician for approximately ten months, and, at the time of the trial, was still subject to some pain and inconvenience. Under the circumstances, we believe the award to be inadequate, and believe that a proper allowance would be the sum of $1,250.

For the reasons assigned, the judgment appealed from is hereby amended so as to read as follows:

It is ordered, adjudged, and decreed that there be judgment herein in favor of plaintiff Walter A. Redon and against the defendants Handelman Chain Stores Corporation, Inc., Charles Handelman, and the Standard Accident Insurance Company of Detroit, Mich., in solido, in the full sum of $236, with legal interest thereon from judicial demand, until paid, and that there be further judgment herein in favor of plaintiff Mrs. Walter A. Redon, and against the above-named defendants, in solido, in the full sum of $1,250, with legal interest thereon from judicial demand, until paid. Defendant to pay all costs.

As thus amended, the judgment is affirmed.

Amended and affirmed.