HOWARD LIVERIGHT, PLAINTIFF-APPELLANT, v. MAX LIFSITZ FURNITURE COMPANY, A CORPORATION, DEFENDANT-RESPONDENT.

Submitted May 29, 1936—Decided October 20, 1936.

For the appellant, *Harry T. Davimos.*

For the respondent, *Skeffington & Walker.*

The opinion of the court was delivered by

HETFIELD, J. This is an appeal from the Supreme Court, Essex Circuit, from a judgment of nonsuit. It appears that on December 10th, 1934, the plaintiff, who was a furniture salesman, entered the store of the defendant for the purpose of selling furniture, but made no sale. He also endeavored to purchase a piece of novelty furniture for another customer, but the defendant was unable to supply it. The plaintiff then used the defendant's telephone for the purpose of making a personal call, and after doing so, inquired of an employe of the defendant as to the whereabouts of the toilet, and asked permission to use same. The toilet was in the rear of the store and was separated from the main store by a partition. The plaintiff testified that behind the partition, as you approached the toilet door, it was quite dark, and the visibility poor. He was able, however, to distinguish a lighting fixture in the passageway and another within the toilet, but neither was lit at the time of the accident. The floor of the toilet was approximately three inches higher than the store floor. As the plaintiff entered the toilet, he attempted to pull

a cord which would turn on the light within the toilet, and in doing so he tripped over the floor elevation and fell against the toilet seat. There is no evidence to indicate any improper construction. The apparent cause of the accident was the failure to have the lights turned on, the fixtures being there to light both the passageway and the interior of the toilet.

The only question involved is what duty was owing by the defendant to the plaintiff under the circumstances as presented by the proof. It was the duty of the defendant to exercise ordinary care to render the premises reasonably safe for invitees thereon, so long as the invitee did not go beyond the bounds of the invitation. The implied invitation to enter the store which was incident to the sale or purchase of furniture, did not constitute an invitation to the plaintiff to use either the telephone or the toilet in the store, and when he used these facilities for his own purpose and benefit, nis status became that of a licensee, and this being so, the defendant was only liable for willful injury. Neither the telephone nor toilet was maintained by the defendant for the use and accommodation of customers, and such use was not within the limits of the implied invitation to the plaintiff.

It is well established in this state that the liability of an inviter is circumscribed by the invitation and does not extend to invitees whose injuries are received while using the premises not within the limits of the invitation, and the mere passive acquiescence by the owner in a certain use of his property imposes no obligation upon him to keep it in a safe condition for the benefit of the user. *Ryerson* v. *Bathgate,* 67 *N. J. L.* 337; *Saunders* v. *Smith Realty Co.,* 84 *Id.* 276; *Bonfield* v. *Blackmore,* 90 *Id.* 252, and *Gavin* v. *O'Connor,* 99 *Id.* 162.

We conclude that the judgment of nonsuit was proper, and it is, therefore, affirmed.

*For affirmance*—THE CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 11.

*For reversal*—TRENCHARD, HEHER, PERSKIE, JJ. 3.