[No. 12588.  Department One. — September 21, 1889.]

## JOHN SCHMIDT, RESPONDENT, CHRISTIAN BAUER, APPELLANT.

NEGLIGENCE — OBLIGATION OF DEFENDANT — PLEADING — NONSUIT. — A complaint charging an injury to the plaintiff, occurring on the premises of the defendant, and through his negligence, which alleges that the plaintiff was at the place where the injury occurred, on business with and at the invitation of the defendant, is sufficient to show the duty on the part of the defendant, as between the parties, of keeping the premises in safe condition; but if the evidence of the plaintiff fails to establish this allegation, his case is not made out, and the defendant is entitled to a nonsuit.

ID. — UNAUTHORIZED ENTRY UPON PRIVATE PREMISES — MISTAKE OF VISITOR OF SALOON — LIABILITY OF SALOON-KEEPER. — A saloon-keeper is not liable for an accident caused by a mistake of a visitor of the saloon in entering the private residence of the saloon-keeper, whereby the visitor

was precipitated into a cellar and injured, the floor of the residence having been taken up for repairs, if the party injured was not induced by the invitation or allurement of the owner, express or implied, to enter therein.

Id. — Duty of Keeper of Place of Business. — The keeper of a public place of business is bound to keep his premises and the passage-ways to and from it in safe condition, and to use ordinary care to avoid accidents or injury to those properly entering the premises on business; but this rule only applies to such parts of the building as are used in connection with the business portion thereof, and not to such parts as are used for private purposes of the owner, to which the party injured was not invited or allured to enter.

Id. — Duty Essential to Liability for Negligence. — In order to maintain an action for an injury to person or property by reason of negligence or want of due care, there must be shown to exist some obligation or duty toward the plaintiff which the defendant has left undischarged or unfulfilled.

Id. — Contributory Negligence. — The facts of this case held to show no negligence on the part of the defendant; but to establish such negligence upon the part of the plaintiff as to preclude him from recovering for his injuries.

Id. — Entry by Mere License. — One who enters upon the premises of another by mere license enters subject to all the risks attending his going, and the owner of the premises owes him no duty.

Appeal from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*F. J. Castlehun,* for Appellant.

*Marcus Rosenthal,* for Respondent.

Works, J.—This is an action for damages for personal injuries alleged to have been the result of the defendant's negligence. There was a trial by jury. When the plaintiff's evidence was in, the defendant moved for a nonsuit, which was denied. There was a verdict for the plaintiff; the defendant's motion for a new trial was denied, and he appeals.

The evidence on the part of the plaintiff showed substantially that the defendant was a keeper of a liquor-saloon, and that his private residence was connected

therewith, in the same building; that the plaintiff was
in the saloon drinking beer; that he asked the defendant
the way to the urinal; that the defendant pointed the
way; that in the direction indicated by him there was
a stairway leading to the urinal in the basement of the
building, and on the wall the word "toilet" was painted
in large letters to direct the way; that in the same gen-
eral direction pointed out by the defendant there was a
door leading out onto a porch, back of the defendant's
dwelling or family rooms, from which a stairway led down
into the back yard; that the plaintiff, instead of taking
the stairway leading to the urinal connected with the
saloon, passed through the door out onto the porch and
down into the back yard, where there was a urinal for
the use of the family; that the plaintiff attempted to re-
turn to the saloon, but instead of coming through the
door through which he had passed out, he opened
another door leading into another and private part of
the house, where the floor had been taken up for the
purpose of making repairs, and, stepping in, was pre-
cipitated into a cellar and injured; that the plaintiff did
not know the condition of the building which caused
his fall, and that he supposed that he was coming back
through the door at which he had gone out. The plain-
iff both denied and admitted that he knew what the
word "toilet" painted on the wall meant, but testified
that he did not see it.

This evidence showed no actionable negligence on the
part of the defendant, and for that reason the nonsuit
should have been granted. The keeper of a public place
of business is bound to keep his premises and the pas-
sage-ways to and from it in safe condition, and use ordi-
nary care to avoid accidents or injury to those properly
entering upon his premises on business. (*Parker* v.
*Portland Pub. Co.,* 69 Me. 173; 31 Am. Rep. 262; *Carleton*
v. *Franconia Iron and Steel Co.,* 99 Mass. 216; *Bennett* v.
*R. R. Co.,* 102 U. S. 577.) But this rule only applies to

such parts of the building as are a part of or used to gain access to, or constitute a passage-way to and from the business portion of the building, and not to such parts of the building as are used for the private purposes of the owner, unless the party injured has been induced by the invitation or allurement of the owner, express or implied, to enter therein. (*Zoebisch* v. *Tarbell*, 10 Allen, 338; 87 Am. Dec. 660; *Parker* v. *Portland Pub. Co.*, 69 Me. 173; 31 Am. Rep. 262; *Pierce* v. *Whitcomb*, 48 Vt. 127; 21 Am. Rep. 120; *Wilkinson* v. *Fairrie*, 1 Hurl. & C. 631; *Murray* v. *McLean*, 57 Ill. 378; *Victory* v. *Baker*, 67 N. Y. 366; *Toomey* v. *Sanborn*, 146 Mass. 28.)

As was said in *Sweeney* v. *Old Colony and Newport R. R. Co.*, 10 Allen, 372, 87 Am. Dec. 644: "In order to maintain an action for an injury to person or property by reason of negligence or want of due care, *there must be shown to exist some obligation or duty toward the plaintiff which the defendant has left undischarged or unfulfilled.*" The evidence fails to show any such duty resting upon the defendant toward the plaintiff. His injury resulted from his entrance uninvited into the private apartments of the defendant. No duty rested upon the defendant, as between him and the plaintiff, to keep such part of his premises in a safe condition. The plaintiff was there without right. The evidence does not show that he was in any way induced by the defendant to enter upon that part of his premises. It not only fails to show negligence on the part of the defendant, but does clearly show contributory negligence on the part of the plaintiff. The way to the urinal was plain to be seen. The plaintiff chose to go into the private yard of the defendant, and in coming back, mistook the door through which he fell for the one through which he passed out. He had no right to pass through either of these doors. To do so under the circumstances was such negligence as must preclude him from recovering for his injuries. (*Victory* v. *Baker*, 67 N. Y. 366.)

Conceding that the respondent was not wrongfully in the place where the accident occurred, and giving the most liberal construction to his evidence, he was there by the mere license of the appellant, and for that reason the appellant owed him no duty, and he went there subject to all the risks attending his going. (*Holmes* v. *N. E. R'y Co.*, L. R. 4 Ex. 257; *Parker* v. *Portland Pub. Co.*, 69 Me. 173; 31 Am. Rep. 262.)

Counsel for respondent rely mainly upon *McRickard* v. *Flint*, 119 N. Y. 222, as supporting his case.

The case referred to differed widely from the one before us. The negligence relied upon there was, that the defendants had failed to comply with a statute of that state which provided that "in any store or building in the city of New York in which there shall exist or be placed any hoist-way, elevator, or well-hole, the openings thereof through and upon each floor of said building shall be provided with and protected by a substantial railing, and such good and sufficient trap-doors with which to close the same as may be directed and approved by the superintendent of buildings; and such trap-door shall be kept closed at all times except when in actual use by the occupant or occupants of the building having the use and control of the same," etc. It was held that the failure to comply with this statute was *prima facie* evidence of negligence, and that the plaintiff, being in the building on business with one of the occupants, and walking through a door opening onto the elevator-shaft, by reason of which he fell and was injured, was not guilty of contributory negligence.

This, it seems to us, presents an entirely different question from the one we are considering, and does not in any way militate against the conclusions we have reached. There are other cases cited, but they do not conflict with the views we have expressed.

The appellant also contends that the court below erred in overruling his demurrer to the complaint. We think

the complaint was sufficient. It alleges that the plaintiff was at the place where the accident occurred to business with and at the invitation of the defendant. This was sufficient to show the duty on the part of the defendant, as between the parties, of keeping the premises in safe condition.

As we have seen, the evidence failed to establish this allegation, and for that reason the plaintiff's case was not make out.

Judgment and order reversed.

Fox, J., and Paterson, J., concurred.