[Civ. No. 388.    First Appellate District.—December 12, 1907.]

JOSEPH HERZOG, Administrator, etc., Appellant, v. LIZ-
ZIE J. HEMPHILL et al., Respondents.

ACTION FOR DEATH—USE OF URINAL AS MERE LICENSEE—FALL TO
DEATH OVER PRECIPICE—INSUFFICIENT COMPLAINT.—A complaint
by an administrator in an action for death, alleged to have been
caused by negligence of defendants, which alleges that they were
keeping a tamale-stand, which deceased and a friend were patroniz-
ing, about 10 o'clock in the evening, when deceased started with
his friend to show him the way to the urinal in the basement in
the rear, and on his way, by stepping to one side, fell to his death
over an unprotected and unlighted precipice, of the existence of
which defendants knew, and deceased did not know, and alleges
that patrons were allowed to use the urinal, but does not allege
that it was designed or maintained for the use of patrons of de-
fendant's business, or that it was designed for use or used as part
of the business conducted on the premises, and does not show that
deceased entered otherwise than as a mere licensee upon the part
of the premises where the accident occurred, does not state a cause
of action.

ID.—LIMITS OF LIABILITY OF OWNER OR OCCUPANT—INVITATION—LI-
CENSE.—The owner or occupant of a building who, by invitation,
express or implied, induces persons to come upon his premises, must
use ordinary care to render them reasonably safe; but he assumes
no other duty to one who enters upon a part of the premises as
a mere licensee, except that while on the premises no wanton or
willful injury shall be inflicted upon him.

ID.—ASSUMPTION OF RISKS BY LICENSEE.—A mere licensee, to whom
the owner or occupant owes no duty, assumes all the risks attend-
ing his going to a part of the premises to which he is not invited,
expressly or impliedly.

ID.—MERE PERMISSION OR HABIT.—The mere permission or habit of
the owner or occupant of allowing people to enter and use a cer-
tain part of the premises not designed for general use is indicative
of a license merely, and not of an invitation.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.    John Hunt, Judge.

The facts are stated in the opinion of the court.

Wm. R. Daingerfield, and James A. Ballentine, for Appel-
lant.

Garber, Creswell & Garber, and Morrison & Cope, for Re-
spondents.

KERRIGAN, J.—This is an action for damages for the
death of plaintiff's intestate alleged to have been caused by
the defendants' negligence. The appeal is from the judg-
ment entered in favor of the defendants upon the sustaining
of their demurrer to the complaint, the plaintiff having de-
clined to amend it.

The complaint in substance alleges that the defendants
were in possession of certain premises in San Francisco, and
had the sole management and control thereof, including a
tamale-stand, at which stand tamales were sold to the pub-
lic. That Alfred N. Herzog, the deceased, entered the prem-
ises June 6, 1901, at about 10 o'clock in the evening to pur-
chase tamales, and that he was accompanied by a friend,
Miller. The complaint alleges that the deceased and his
friend entered said premises by license and permission of the
defendants; that while there Miller expressed the desire to
visit the urinal on the premises, and the deceased volunteered
to show him the way thereto, deceased knowing its location,
and Miller never having visited it. That prior to the time
of this accident the urinal had often been used by patrons
of the premises by license and permission of the defendants,
and its location was shown or told by all and any of said
defendants to any of said customers whenever requested, and
said patrons and their friends were at all times allowed to
and did use the same. That the route from the tamale-
stand to the urinal was through a door adjoining the tamale-
stand into an open room, thence across said room to a stair
landing, wherefrom two sets of stairs proceeded, the one at
the left upward to the second story, the one at the right
downward to the basement and urinal. That within two feet
of said door, and at the left of said left-hand stairway, there
was a "stair landing, recess or cul-de-sac, about two feet
square, terminating in an abrupt precipice or death trap,
wholly unfenced, unprotected and unlighted." That deceased
went with his friend through said door, into said room, and

that "said stair landing, precipice, death trap and stairway" were not sufficiently lighted to enable a person to reach the urinal in safety; and on visiting the urinal he would be likely to step off said precipice and fall into said death trap and be killed, or seriously injured. That defendants well knew of the unprotected and unlighted condition of said death trap, but that deceased was ignorant thereof. That by reason of defendants' failure to fence and guard said recess, cul-de-sac and death trap, the same was dangerous to all persons going to said urinal or near the same. That the deceased, in guiding Miller to said urinal, attempted to follow said route; that by reason of the defendants' negligence in the premises, deceased fell into said death trap, sustaining injuries from which he subsequently died, and to recover damages for which this action is commenced.

The complaint was demurred to upon the ground that it states no cause of action, and we think the ruling of the trial court in sustaining the demurrer was correct. The complaint does not show that the deceased was more than a mere licensee as to the portion of the premises where the accident occurred. It is a well-settled rule of law that the owner or occupier of lands or buildings who, by invitation express or implied, induces persons to come upon his premises, is under a duty to exercise ordinary care to render the premises reasonably safe, but he assumes no duty to one who is on his premises by permission only and as a mere licensee, except that while on the premises no wanton or willful injury shall be inflicted upon him. (*Means* v. *Southern Cal. Ry. Co.,* 144 Cal. 473, [77 Pac. 1001]; *Schmidt* v. *Bauer,* 80 Cal. 565, [22 Pac. 256].) In the latter case, which in many respects is similar to the one at bar, the defendant kept a saloon, and a customer, who had purchased beer, inquired the way to the urinal, apparently ignorant of the location thereof. The defendant pointed the way. In the direction indicated there was a stairway leading to the urinal, and also a door leading upon a porch, from which the stairway led into the back yard. This latter route the plaintiff followed, and, when returning to the saloon, instead of coming back through the door by which he had passed out, he passed into the other, leading into the private portion of the house, where the floor had been taken up, leaving an open space,

into which he fell· and was injured. It was held that the. obligation of the owner of the premises was to keep the access or passageway thereto in such condition as to avoid injury to persons who have been "induced by the invitation or allurement of the owner, express or implied, to enter therein:" We quote from this case: "The keeper of a public place of business is bound to keep his premises and the passageways to and from it in safe condition, and use ordinary care to avoid accidents or injury to those properly entering upon his premises on business. But this rule applies only to such parts of the building as are a part of or used to gain access to, or constitute a passageway to and from the business portion of the building, and not to such parts of the building as are used for the private purposes of the owner unless the party injured has been induced by the invitation or allurement of the owner, express or implied, to enter therein. . . . Conceding that the respondent was not wrongfully in the place where the accident occurred, and giving the most liberal construction to the evidence, he was there by the mere license of the appellant, and for that reason the appellant owed him no duty, and he went there subject to all the risks attending his going."

There is no doubt that an invitation may be manifested by the arrangement of the premises, or by the conduct of the owner. (*Sweeny* v. *Old Colony & Newport Ry. Co.,* 10 Allen, 373, [87 Am. Dec. 644] ; *Redigan* v. *Boston & Maine R. R.,* 155 Mass. 44, [31 Am. St. Rep. 520, 28 N. E. 1133] ; *Rooney* v. *Woolworth,* 74 Conn. 720, [52 Atl. 411] ; *Ivay* v. *Hedges,* L. R. 9 Q. B. Div. 80; *Benson* v. *Baltimore Traction Co.,* 77 Md. 535, [39 Am. St. Rep. 436, 26 Atl. 973] ; *Phillips* v. *Library Co.,* 55 N. J. L. 307, [27 Atl. 478].)

Mere permission, or a habit, however, of an owner of allowing people to enter and use a certain portion of his premises is indicative of a license merely, and not of an invitation. (*Redigan* v. *Boston etc. R. R. Co.,* 155 Mass. 44, [31 Am. St. Rep. 520, 28 N. E. 1133] ; *Phillips* v. *Library Co.,* 55 N. J. L. 307, [27 Atl. 478] ; *Rooney* v. *Woolworth,* 74 Conn. 720, [52 Atl. 411].) In the last case the plaintiff had been in the defendant's store as a customer. After making a purchase she left the store by a rear door, and was injured by falling into an unguarded excavation on defend-

ant's premises in a dark alley just outside the door. The plaintiff had frequently used the rear door, under express permission from one of the clerks, and it was customary for people other than those connected with the store to use this entrance. The court held that the arrangement of the store was such as to indicate that the rear entrance was intended for use by expressmen and delivery men, and not for the use of customers; and that therefore, in spite of the fact that it was actually used by people other than expressmen and delivery men, when it suited their convenience, the plaintiff should be treated as having used the door merely as a licensee and not upon an implied invitation.

There is no allegation that the urinal was designed or maintained for the use of patrons of the store; nor any allegation that it was designed for use or used as a part of the business conducted on the premises.

From what has been said it follows that the judgment should be affirmed. It is so ordered.

Hall, J., and Cooper, P. J., concurred.