[Civ. No. 2389. First Appellate District.—May 10, 1918.]

## ELIZABETH A. CORBETT, Appellant, v. GUS SPANOS et al., Respondents.

NEGLIGENCE—INJURY TO CUSTOMER IN STORE—LIABILITY OF PROPRIETOR—BURDEN OF PROOF.—In an action by a customer against a store-keeper for personal injuries in stepping into an open trap-door in the rear of the store, upon leaving the toilet used only by employees, the burden is upon the customer to show the breach by the defendant of a duty owing to her.

ID.—DUTY OF STORE PROPRIETOR TO CUSTOMER.—The keeper of a public place of business is bound to keep his premises and the passageways to and from it in safe condition, and use ordinary care to avoid accidents or injury to those properly entering upon his premises on business; but this rule only applies to such parts of the building as are a part of or used to gain access to, or constitute a passageway to and from the business portion of the building, and not to such parts of the building as are used for the private purposes of the owner, unless the party injured has been induced

by the invitation or allurement of the owner, express or implied, to enter therein.

ID.—USE OF EMPLOYEES' TOILET—EVIDENCE—INFERENCE OF GENERAL INVITATION OR INDUCEMENT.—An inference of a general invitation or inducement by the proprietor of a store to use the employees' toilet in the rear of the store cannot be legitimately drawn from the single instance of its use by a customer by permission of one of the employees.

ID.—DUTY OF STOREKEEPER TO LICENSEE.—The only duty of a proprietor of a store to a mere licensee, when in that portion of the premises not customarily used by the public, and to which the licensee is not expressly or impliedly invited, is to avoid doing any willful or wanton injury to such licensee.

ID.—VIOLATION OF ORDINANCE—NEGLIGENCE—CUSTOMER NOT WITHIN PROTECTIVE TERMS.—The violation by a storekeeper of an ordinance prohibiting for fire protection covering of stairways with permanent flooring is not negligence as to customer injured by falling through trap-door in flooring, since she does not come within the class the ordinance was designed to protect.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion of the court.

Louis Ferrari, for Appellant.

Wm. M. Abbott, Wm. M. Cannon, and Kingsley Cannon, for Respondents.

ZOOK, Acting P. J., *pro tem.*—This is an action for damages for physical injuries alleged to have been sustained by plaintiff through the negligence of defendants. Plaintiff appeals from a judgment for defendants entered upon an instructed verdict in their favor at the close of plaintiff's evidence. The facts testified to were as follows: Defendant Spanos conducted a candy and light lunch business in a store owned by defendants Whitney and Wilson, where plaintiff was accustomed to take lunch. In the rear of the store there was a partition running across the width of the store, with a door in the center opening into a narrow and rather dark passageway, on the opposite side of which there was a room containing a toilet and wash-basin for the use of the young women employed in the store. There was a trap-door in the passageway with a flight of stairs leading down to the base-

ment where candy was made and stored. This stairway was frequently used by the employees when they wished to bring candy up from the basement. On the day of the accident plaintiff, having lunched at the store, asked one of the attendants if there was a dressing-room, and was shown to the toilet in question. The trap-door was closed at the time, and as it fitted flush with the floor, there was nothing to indicate its existence to plaintiff, and she received no warning about it. While plaintiff was in the toilet some person whose identity was not shown on the trial, but presumably an employee of the store, lifted the trap-door and left it open. When plaintiff attempted to return to the outer store she did not notice the open trap-door, but in opening the partition door, which swung toward her, she stepped backward and through the trap-door and fell down the steps to the basement below.

We are of the opinion that the lower court correctly instructed the jury to bring in a verdict for the defendants upon the facts above set forth. While plaintiff was undoubtedly seriously injured by the fall, she could only recover damages therefor upon showing some breach by the defendants of a duty owing to her, and this she has failed to do. The law of California as to the duties owing by a proprietor of a store to his customers and to the public is settled by the cases of *Schmidt* v. *Bauer,* 80 Cal. 565, [5 L. R. A. 580, 22 Pac. 256] ; *Means* v. *Southern California Ry. Co.,* 144 Cal. 473, [1 Ann. Cas. 206, 77 Pac. 1001] ; *Herzog* v. *Hemphill,* 7 Cal. App. 116, [93 Pac. 899]. It is well expressed in the following quotation from *Schmidt* v. *Bauer, supra:* "The keeper of a public place of business is bound to keep his premises and the passageways to and from it in safe condition, and use ordinary care to avoid accidents or injury to those properly entering upon his premises on business. But this rule only applies to such parts of the building as are a part of or used to gain access to, or constitute a passageway to and from, the business portion of the building, and not to such parts of the building as are used for the private purposes of the owner, unless the party injured has been induced by the invitation or allurement of the owner, express or implied, to enter therein." While in the complaint in the case at bar it was alleged that the so-called dressing-room was placed by the defendant Spanos at the disposal of his customers and as an inducement to have customers patronize his business, ·abso-

lutely no evidence to support of this allegation was produced at the trial except the fact that, on the single occasion when plaintiff was injured, she was shown to it by an attendant in response to her query as to whether or not there was a dressing-room in the place. It affirmatively appeared in the evidence that there was no sign on the door to the passageway leading to the toilet in question to indicate that there was a dressing-room there for the use of customers, and the simple equipment of the room itself, as well as its situation in a poorly lighted passageway, negatives the idea that it was intended for the use of anyone other than Spanos' employees. The attendant who showed plaintiff the way was not called to testify upon the trial, and no authority in her to permit the use of the room by the patrons of the place was shown. In the absence of such showing, no inference of a general invitation or inducement by the proprietor of the store such as is alleged in the complaint can be legitimately drawn from this single instance of its use by permission of his servant. The only duty of a proprietor of a store to a mere licensee, when in that portion of the premises not customarily used by the public, and to which the licensee is not expressly or impliedly invited, is to avoid doing any willful or wanton injury to such licensee, and no such injury is shown by the record in the case at bar.

It is also claimed by the plaintiff that the trap-door and stairway were constructed and maintained by both Spanos and the owners of the building in violation of the provisions of a certain ordinance of the city and county of San Francisco which provides as follows: "Stairs or stairways passing from one floor to another in any building shall not be covered with a permanent flooring, but may be closed with a board partition extending from the floor to the ceiling, and provided with a door, which must be kept free from all obstruction at all times, so as to give to the fire department and fire patrol, easy access from one floor to another, provided this section shall not apply to buildings used for public assemblages.

"Goods or obstructions of any kind shall not be placed on the stairs of any building.

"Explosive or inflammable compounds or combustible materials, shall not be stored or placed under any stairway of any building, or used in any such place or manner as to obstruct or render egress hazardous in case of fire."

It is very doubtful whether or not this trap-door, which could be easily opened and shut, comes within the prohibition of the ordinance as to covering stairs "with a permanent flooring," but it is unnecessary to decide the point here. The ordinance is purely a fire protection measure, designed to en- able the fire department to have unobstructed access from one floor of a building to another in case of fire, and it is mani- festly not intended to provide for the protection of the gen- eral public from injury. Therefore, conceding the ordinance to have been violated, plaintiff cannot claim that such viola- tion constituted negligence, because she does not come within any class of persons which the ordinance was designed to pro- tect. (*Toomey* v. *Southern Pacific R. R. Co.*, 86 Cal. 374, [10 L. R. A. 139, 24 Pac. 1074].) As is said in the article on Negligence in 29 Cyc., at page 438: "The violation of a stat- ute or ordinance designed to protect persons entitled to be on premises will not constitute negligence as to mere licensees or trespassers to whom no duty is owed independently of the statute." In view of this principle, the alleged violation of the ordinance cannot operate to create liability on the part of either owners or proprietor.

Judgment affirmed.

Kerrigan, J., and Beasly, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 8, 1918.