[L. A. No. 5343. Department Two.—December 16, 1919.]

THERON L. HURLBERT, Appellant, v. TITLE INSURANCE AND TRUST COMPANY (a Corporation), Respondent.

[1] JOINT TENANCY—CORPORATION STOCK—DEATH OF JOINT TENANT—PROTECTION OF STOCK FROM SALE FOR DELINQUENT ASSESSMENT—EXECUTOR NOT OBLIGATED TO SURVIVOR.—The executor of the estate of a deceased joint tenant who listed in the inventory corporation stock purchased by the deceased with joint funds without the knowledge of the other tenant, owes no duty, either as executor

or as bailee of the stock, to the surviving tenant to protect the stock from sale for nonpayment of an assessment levied prior to institution of action by the surviving tenant against the executor to establish sole ownership in the stock, sale being made during pendency of suit, since the executor was not responsible for plaintiff's ignorance of the facts regarding the stock and its value.

[2] ID.—VESTING OF TITLE.—The title of a surviving joint tenant to stock purchased by the deceased joint tenant with joint funds does not vest in him on the death of his joint tenant, but exists from the time of purchase.

[3] ID.—NONEXISTENCE OF RELATIONSHIP OF EXECUTOR AND LEGATEE.— Under such circumstances, the relationship of executor and legatee did not exist between the former and the surviving joint tenant prior to judgment in the action of the surviving tenant against the executor, since the plaintiff in such suit claimed and established his sole ownership thereto as survivor, which claim was inconsistent with that of beneficiary under the will.

[4] CORPORATIONS—STOCK CERTIFICATE—NATURE OF.—A stock certificate is not the stock, but merely an evidence of the title.

[5] ID.—EXECUTOR NOT BAILEE OF STOCK.—Under such circumstances, the executor was not the bailee of the stock, although it had official custody of the muniment of title, it having held neither title nor possession of the property itself.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank G. Finlayson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Charles M. Ackerman and Julius Smidt for Appellant.

Erle M. Leaf for Respondent.

MELVIN, J.—Plaintiff appeals from a judgment entered after demurrer to his complaint had been sustained without leave to amend.

In the complaint the following facts were, in substance, alleged: During the lifetime of Lillian D. Hoag, now deceased, she and her brother, the plaintiff, held certain property in joint tenancy over which she, with plaintiff's consent, assumed entire control. Without his knowledge she had used some of the joint funds to purchase 21 shares of stock in El Sobrante Land Company (a corporation), of the

par value of two thousand one hundred dollars. On May 14, 1914, she died testate, and on June 13, 1914, her will naming defendant as executor was duly admitted to probate and letters testamentary were issued. Thereafter, defendant filed an inventory of her estate in which the 21 shares of stock were listed. On October 22, 1914, an assessment of $3 a share was levied on the said stock, and on December 15, 1914, said stock was sold for failure to pay the said assessment. On November 15, 1914, plaintiff began an action for a decree that all the property listed in the inventory was in fact the identical property accumulated by him and his sister in joint tenancy. Thereafter, he prevailed in said suit, establishing his sole ownership in all the property, including the stock, by right of survivorship. On June 17, 1916, defendant was discharged from the office of executor, and not until the following day did plaintiff acquire possession of his property and the papers which had been in the executor's possession. Plaintiff pleaded that he had no knowledge of the assessment or sale of the stock, and no opportunity to redeem the shares, and that defendant resisted all his efforts to obtain control of the property until judgment was rendered in his favor. After the certificate came into his possession he discovered upon due and prompt investigation that it was worthless. At the time of sale (as alleged in the pleading) when the shares could have been redeemed they were worth $150 a share. Negligence of the defendant was alleged upon the ground that it failed to pay the assessment, having ample means in the estate with which to discharge it; that it neglected to protect the stock from sale; and that it failed to redeem said stock while resisting plaintiff's lawful demand for the property. The amount prayed for as damages is $3,150, the alleged value of the shares lost to him.

Respondent invokes the doctrine that there can be no actionable negligence without the existence of a corresponding duty upon the part of the persons against whom the negligence is charged, citing in that behalf *Schmidt* v. *Bauer*, 80 Cal. 565, [5 L. R. A. 580, 22 Pac. 256], *People* v. *Perkins*, 85 Cal. 509–511, [26 Pac. 245], *Toomey* v. *Southern Pacific R. R. Co.*, 86 Cal. 374, [10 L. R. A. 139, 24 Pac. 1074], *Kennedy* v. *Chase*, 119 Cal. 637, [63 Am. St.

Rep. 153, 52 Pac. 33], and *Buckley* v. *Gray*, 110 Cal. 339, [52 Am. St. Rep. 88, 31 L. R. A. 862, 42 Pac. 900].

[1] It is clear from the facts pleaded that the defendant, neither as executor of the estate of Lillian D. Hoag nor as bailee of the stock for appellant, owed any duty to Theron L. Hurlbert in the matter of preserving the stock from sale by paying the assessment. Appellant contends that the legal title was in respondent until the termination of his suit for possession of the property held in joint tenancy. This contention is without merit. [2] The legal title did not even vest in plaintiff on the death of his joint tenant. His title existed from the beginning. (*Hannon* v. *Southern Pacific R. R. Co.*, 12 Cal. App. 350–355, [107 Pac. 335]; *Estate of Gurnsey*, 177 Cal. 211, [170 Pac. 402].) [3] In no true sense, therefore, did the relation of executor and legatee exist between the parties hereto prior to judgment in the action of plaintiff in which his standing as joint tenant with his sister was judicially established. By his action he was strenuously asserting his title. Defendant, without fraud, was resisting his claims because it was bound so to do as executor of the estate of Hoag. Defendant was not responsible for plaintiff's ignorance of the facts regarding the stock and its value. It had listed the stock in its inventory. [4] It is true that defendant had custody of the certificate, but the certificate is not the stock. It is merely an evidence of the title. By his pleading appellant alleged that the stock stood in the name of his sister and that a notice of assessment was mailed to Lillian D. Hoag at her last known place of residence. It, therefore, appears that the stock was never transferred to respondent on the books of the corporation. Appellant became the sole owner of the stock upon the death of his sister. He so asserted. He so sued. And he so prevailed in his action against the executor. His whole claim was inconsistent with any real relationship of beneficiary under the will and executor subsisting between him and defendant. Respondent, therefore, owed no duty to appellant in its capacity as executor.

[5] Respondent was not a bailee of the stock, although it had official custody of the muniment of title. But it held neither title nor possession of the property itself. While the stock was yet unsold and might have been re-

deemed plaintiff sued respondent, alleging that he was the owner of this identical property. He eventually established that fact, yet he now complains because respondent failed to deal with the property in a manner which would have been justified only, if at all, by the fact that it was of the assets of the estate. True, it took a long time for plaintiff to establish his rights as a joint tenant, but respondent was not responsible for "the law's delay." It was the plaintiff's privilege to assume the payment of the assessment or to do anything else for the protection of his stock. The mere fact that his sister's death left him as the sole owner of the property could not relieve him of his responsibilities as the owner and cast them upon respondent, whose only claim was due to the fact that plaintiff himself had permitted the stock and all other property jointly owned by him and his sister to be held in her name only.

The judgment is affirmed.

Wilbur, J., and Lennon, J., concurred.