BOZO et al. v. OGDEN CITY.

No. 4872.   Decided March 6, 1930.   (285 P. 1033)

*A. E. Pratt,* City Attorney, of Ogden, for appellant.

*John A. Sneddon,* of Ogden, for respondents.

FOLLAND, J.

Respondents brought suit to quiet title to certain described real estate situate in Ogden City, Weber county. They alleged they were the owners in fee simple, in possession, and entitled to possession of such property. Appellant answered admitting these allegations, except it claimed right, title, and interest in and to the north 49½ feet of the described tract of land as part of a public street known as Twentieth street, in Ogden City, and alleged respondents "have no right, title, or interest in and to any part of said Twentieth Street other than as an abutting property owner, or such right as they would have in common with the public," and prayed that respondents "take nothing by their complaint."

The trial court made findings that respondents were the owners in fee simple of the entire tract described, including

the north 49½ feet; that title came to them by mesne conveyances by and through their grantors and predecessors in interest from the mayor of Ogden City as to the west 50.07 feet and patent from the United States of America as to the remainder; that for more than thirty years prior to the commencement of the action plaintiffs, their grantors and predecessors in interest, owned, occupied, possessed, improved, and cultivated all and every part of the described premises and inclosed and protected the same and every part thereof by substantial fence for that period of time; that the north 49½ feet had never been dedicated, granted, or conveyed to Ogden City by the owners or any of them, and that the north 49½ feet had never been opened to the public or used by the public for travel or for other purpose.

At the trial it was admitted by counsel for appellant that the fee-simple ownership was in respondents, and that the city claimed only a right of way for a street. It was also admitted that the north 49½ feet of respondents' land was never traveled as a public way, but was plowed and cultivated south of respondents' north fence.

The evidence unquestionably supports the finding that respondents own the fee-simple title to the entire property with the probable exception of a small piece 59.07 feet by 49½ feet at the northwest corner of the tract. The evidence with respect to this small piece is not clear as to where the fee title is. In view of the admissions in the answer and by appellant's counsel at the trial, we cannot say that the trial court was not justified in finding that the fee to this piece as well as to the balance of the tract was in respondents.

The only question remaining is whether there was a dedication of the 49½ foot strip.

The land of respondents is located in the northwest corner of the block bounded on the north by Twentieth street, the east by Van Buren, the west by Jackson, and the south by Rushton streets. Twentieth street west of Jackson and east of Van Buren is 99 feet in width. Between Jackson and

Van Buren it is only 49½ feet in width unless the north 49½ foot strip in the block be held to be part of the street. For purpose of proving dedication a map of Valley View addition was introduced. Valley View addition lies north of Twentieth street between Jackson and Van Buren. This plat was made and filed in April, 1890. It shows a dedication of 49½ feet as Twentieth street north of a line described as "Center Line of Twentieth Street." All the property affected by this plat is described in the plat as lying north of the center line of Twentieth street. Clearly there was no express dedication of any property south of the center line of Twentieth street for any purpose. It is claimed, however, that since the persons who owned the land in the platted subdivision also owned the property lying south of the "Center Line of Twentieth Street," "it would be presumed that it was the intention of H. E. Steele and his associates to dedicate the street in its entirety, 99 feet in width, because this conforms to the same street of which it is a part, extending west and east thereof in width." Dedication cannot be made in any such manner. 18 C. J. 63. The most that can be said for this is that the owners expected at some future time to dedicate other lands to make the street full width.

There is no evidence of any dedication by opening and user. On the contrary, the entire tract south of the "Center Line of Twentieth Street" was inclosed by a fence, was plowed and cultivated, and never opened to the public. There was no conveyance by either plat or deed.

Appellant cites the cases of *Burrows* v. *Guest*, 5 Utah 91, 12 P. 847, and *Schettler* v. *Lynch*, 23 Utah 305, 64 P. 955, but these cases are not in point. The principle announced therein would apply, had there been an actual dedication of 99 feet but user of only a part of that width by the public.

The judgment of the district court is affirmed.

CHERRY, C. J., and STRAUP, ELIAS HANSEN, and EPHRAIM HANSON, JJ., concur.