[Civ. No. 12310. Second Appellate District, Division Two.—November 20, 1939.]

LILLIAN KOPPELMAN, Appellant, v. AMBASSADOR HOTEL COMPANY OF LOS ANGELES (a Corporation), et al., Respondents.

Simon & Garbus, Abram Robert Simon and Morton Garbus for Appellant.

Reginald I. Bauder, Wayne Veatch and Sidney A. Moss for Respondents.

MOORE, P. J.—This action was for damages resulting from injuries suffered by plaintiff in a corridor of the Ambassador Hotel September 12, 1938. After the evidence was in, the defendants moved for an instructed verdict. The motion was granted and this appeal is from the judgment based thereon.

The plaintiff called at the hotel for the purpose of visiting defendant bank, a concessionaire of the hotel, in which she maintained an account and which she often visited. The bank had an entrance on the west side of the hotel building and a rear entrance opening from the north-south corridor which is entered through a double door also on the west side. Upon entering said double door, plaintiff observed groups of people in the hotel and upon inquiry learned that the aviator Corrigan, who had gained world-wide fame by reason of his recent trans-Atlantic flight, was expected momentarily at the hotel for luncheon. In order to witness the arrival of the famous aviator, plaintiff, instead of walking some thirty feet directly south to said rear entrance, followed the crowd along the corridor, in which she was accustomed to walk, to the north entrance where she waited about five minutes with the expectant throng ''and then turned around and followed other people to go back to the other entrance where Corrigan's car would discharge him''. While proceeding southerly along said north-south corridor, while still intending to visit the bank, ''wedged right in and walking along'' plaintiff tripped over a piece of timber on the floor three feet out from the wall and was injured. Said timber had been left there by workmen then engaged in making repairs upon the building.

The trial court determined that the plaintiff, after entering the hotel as an invitee, on hearing the music ''changed her mind and went to the north door to see what was happening,

stayed there some time during the parade, then started back and instead of going to the bank, either following her then intention, or making a new intention, went to the west entrance to see Corrigan arrive and after she had left the north door and started on the second errand not connected with the hotel or the bank in any way, that she received the injury of which she sues". Because of this understanding of the facts, the court gave the peremptory instruction.

The question to be decided is: Did plaintiff, while an invitee at said hotel and before completing her mission, by walking down the corridor to the north entrance for the purpose of viewing the arrival of a distinguished guest and loitering there for five minutes, become a bare licensee so clearly as to warrant the trial court in withdrawing the question from the jury?

■ It is well settled that the owner or occupant of a building, who, expressly or impliedly, invites a person to come upon his premises, is under a duty to exercise ordinary care to render the premises reasonably safe. (*Herzog* v. *Hemphill*, 7 Cal. App. 116 [93 Pac. 899].) The invitation to use the premises is inferred where there is a common interest or mutual advantage. (*Buckingham* v. *San Joaquin Cotton Oil Co.*, 128 Cal. App. 94 [16 Pac. (2d) 807].) The keeper of a public place of business is bound to keep his premises and the passageways to and from it in a safe condition and to use ordinary care to avoid accidents or injury to those properly entering upon his premises on business. (*Corbett* v. *Spanos*, 37 Cal. App. 200 [173 Pac. 769].) ■ But as to the rights of a licensee, it is the law that where a person goes upon the premises of another without invitation and simply as a bare licensee, and the owner of the property passively acquiesces in his coming, if an injury is sustained by reason of a mere defect in the premises, the owner is not liable for negligence for such person has taken all the risk upon himself. (*Means* v. *Southern Calif. Ry. Co.*, 144 Cal. 473 [77 Pac. 1001, 1 Ann. Cas. 206].) Such proprietor assumes no duty to the one who is on his premises by permission only and as a mere licensee, except that while on the premises no wanton or wilful injury shall be inflicted upon him. (*Herzog* v. *Hemphill, supra.*) ■ If it be shown that he stood in no contractual relationship with the owner or occupant and that he was there for purposes purely of his own, or of a third

party, which had no relation whatever to the business of the owner or occupant and in which the latter had no interest, beneficial or otherwise, he is deemed in law to be a bare licensee. (*Buckingham* v. *San Joaquin Cotton Oil Co., supra.*)

■ Also, it is well settled that the same individual may, on the same premises and during practically the same period, occupy various legal relations toward the owner. One may have entered the premises upon invitation and during his stay he may become a licensee as to certain portions and a trespasser as to others. In each change of status, the rights and duties of the respective parties vary. An invitee who enters upon portions of the premises where he has no right to enter becomes a licensee and the only duty to him then is to refrain from wilful or wanton injury. (*Goldberger* v. *Market Street Ry. Co.*, 130 Cal. App. 597 [20 Pac. (2d) 351].)

■ Looking to the facts of the instant case, the Ambassador Hotel is a nationally famous hostelry. It stands on attractive grounds upon one of the city's principal thoroughfares. It is a commodious building with accommodations for an enormous patronage, with a theatre, assembly rooms, spacious lounges, popular dance-hall, a "Cocoanut Grove", tiled corridors, smart shops with their display windows handsomely decorated, abutting upon said corridors. Such is the setting of said bank.

It is impliedly conceded that there was no obligation upon the plaintiff to enter the bank through its outside entrance. As invitee she might unquestionably enter said north-south corridor and walk along its west wall to the rear door of the bank. But, if instead of walking directly to said rear door, would she become a licensee if she walked down the center of the corridor to a point opposite the bank door? Would she lose her status as invitee if she crossed the corridor and walked southerly along its east wall to a point opposite the bank door to enter? If, while walking along the corridor from the point of her entrance to the bank door, she had stopped to speak with a friend, would she have lost her status as invitee while conversing with such friend for five or ten minutes? If she had made such an entry and spent said time with her friend, would it not be a question of fact for determination whether or not she lost her status as invitee during such conversation? If she could maintain her status as

invitee while loitering for five minutes between the double door entrance and the bank entrance, would she lose such status if she walked northerly and easterly along the corridor to inspect the shop windows or to witness the arrival of a famous luncheon guest? One who patronizes a bank or shop in such a hotel has the same right in a corridor as one who comes to buy his luncheon or to occupy a room. The very presence and artistic maintenance of the corridors, the shops and the display windows in such hotel is an invitation not to be hasty in withdrawing from its premises when entering it as a guest or as an invitee on any other basis. Of course, if an invitee were to leave the point at which he had business and entered the basement or gone on a higher floor of the hotel for the purpose of secluding himself for his personal convenience and away from the mercantile areas of the hotel, we would have a different problem. But when he enters on business with the hotel, or its concessionaire, and loiters in the lobby for five minutes or longer, he keeps himself so closely to the business that brought him there that it would be error to decide, as a matter of law, that he was a mere licensee.

All authorities cited have been reviewed for the purpose of finding a distinct parallel. Those presented by defendants are readily distinguished. In each of them, the invitee had changed his status to that of bare licensee or trespasser by virtue of his entering portions of the premises where he had no express or implied invitation to go. (*Means* v. *Southern California Railway, supra; Kennedy* v. *Chase*, 119 Cal. 637 [52 Pac. 33, 63 Am. St. Rep. 153]; *Medcraft* v. *Merchants' Exchange*, 211 Cal. 404 [295 Pac. 822]; *Powers* v. *Raymond*, 197 Cal. 126 [239 Pac. 1069]; *Herzog* v. *Hemphill, supra; Corbett* v. *Spanos, supra; Lindholm* v. *Northwestern Pacific R. R. Co.*, 79 Cal. App. 34 [248 Pac. 1033]; *State Compensation Insurance Fund* v. *Allen*, 104 Cal. App. 400 [285 Pac. 1053]; *Buckingham* v. *San Joaquin Cotton Oil Co., supra; Goldberger* v. *Market St. Ry. Co., supra; Lawand* v. *California Products Co.*, 9 Cal. App. (2d) 147 [48 Pac. (2d) 979]; *Tharp* v. *Cotton Seed Oil Co.*, 27 Cal. App. (2d) 554 [81 Pac. (2d) 443, 82 Pac. (2d) 21].)

Certain authorities clearly establish plaintiff's right to a jury's independent verdict. (*Hodge* v. *Weinstock, Lubin & Co.*, 109 Cal. App. 393 [293 Pac. 80]; *Brinkworth* v. *Sam Seelig Co.*, 51 Cal. App. 668 [197 Pac. 427]; *Harvey* v. *Mach-*

*tig,* 73 Cal. App. 667 [239 Pac. 78]; *Christy* v. *Ulrich,* 113 Cal. App. 338 [298 Pac. 135]; *Stewart* v. *Lido Cafe,* 13 Cal. App. (2d) 46 [56 Pac. (2d) 553].) In the case of *Stewart* v. *Lido Cafe, supra,* Stewart after being directed "down the hall to the left" to the lavatory, entered the second room to the rear and proceeded to the east or right side of said room in the dark and then again to the right to enter a dark stairway where he fell. The jury was allowed to determine whether he was an invitee on the stairway where he fell and its verdict was approved. "The invitation also extends", said the court, "to those portions of the premises where the invitee under the circumstances and conditions of his invitation would naturally be likely to go (citing *Schmidt* v. *Bauer,* 80 Cal. 565 [22 Pac. 256, 5 L. R. A. 580]; *Bush* v. *Weed Lumber Co.,* 63 Cal. App. 426 [218 Pac. 618]). "Such an invitation may be manifested by the arrangement of the premises as well as the conduct of the proprietor."

In the case of *Schmidt* v. *Bauer, supra,* while plaintiff was denied damages because he entered private places contrary to his invitation, yet the court held that the keeper of a public place of business is bound to keep his premises and the passageway to and from it in safe condition and to use ordinary care to avoid accidents to those properly entering his premises on business.

In the case of *Chafor* v. *Long Beach,* 174 Cal. 478 [163 Pac. 670, Ann. Cas. 1918D, 106, L. R. A. 1917E, 685], where the public was invited to a municipal auditorium, it was held that "she was at least a licensee by permission or invitation and . . . the city is responsible for the exercise of ordinary care to see that such a licensee is not injured, and a verdict for her death was affirmed.

In the case of *Harvey* v. *Machtig, supra,* the plaintiff was the mother of one of the concessionaires, George Harvey, at the resort operated by the defendant. George had made reservations for luncheon in the dining-room of the resort, and, while unloading his supplies at his own concession, left his mother sitting in his automobile on a roadway of defendant leading from the public highway to the resort, under an old tree in which was a large platform constructed of logs. While so waiting, the tree with its said platform fell upon the plaintiff and caused her injuries. A verdict in her favor was upheld. "There was a duty imposed upon respondent",

said the court, "to use ordinary care to keep its grounds, including the thoroughfares in a safe condition for its invitees". The roadway where the injury occurred was admittedly open to the public and maintained to facilitate ingress and egress.

In the instant case, it was not essential to plaintiff's recovery that she be in the bank or on the direct route from the double door entrance to the bank's door. Her business with the bank having invited her to the hotel, the adjacent corridors being open and the neighboring shops being accessible, it was reasonable for plaintiff to conclude that she was invited to stroll in the corridors and to stand at the north entrance prior to entering the bank. (Restatement of the Law of Torts, vol. 2, sec. 343.)

Because of the views herein expressed, the judgment is reversed and the cause remanded for further proceedings.

Wood, J., and McComb, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 11, 1940.