[Civ. No. 4777. Fourth Dist. Aug. 18, 1954.]

JAMES V. GABBERT et al., Appellants, v. JOHN A. WOOD et al., Respondents.

Charles R. Hand for Appellants.

Swing & Gillespie and Everett H. Swing for Respondents.

MUSSELL, J.—Plaintiffs appeal from a judgment in favor of defendant John A. Wood in an action for damages for personal injuries. The case was tried before the court without a jury and the question involved is whether the evidence is sufficient to sustain the findings and judgment.

On or about May 10, 1951, defendant John A. Wood, who owned certain residential real property near Adelanto in San Bernardino county, employed Abigail V. Notterman, a licensed real estate agent and broker, to procure a purchaser for the property. Plaintiff Ethel M. Gabbert testified that in the latter part of December, 1950, she and her husband were interested in the property and "went all over it" with Mrs. Notterman; that there was nothing unusual about the surface of the ground; that it was level except for some drifting sand and she saw no holes in the ground. On July 6, 1951, Mrs. Notterman again took plaintiffs to the property and a further inspection of the premises was made by them. Again, plaintiffs

"went all over the property" and there were no visible holes in the ground and no unusual condition was noted by them. While on the premises on that occasion, plaintiffs decided to buy the property and agreed to pay the purchase price in installments, $500 down, $500 at the close of escrow, and the balance in monthly installments. These terms were acceptable to defendant John A. Wood and his agent, Mrs. Notterman, and plaintiffs then and there delivered a check for $500 to Mrs. Notterman as the down payment on the purchase price. On the following day, July 7, 1951, plaintiffs requested permission of Mrs. Notterman to return to the premises for the purpose of discussing with a prior owner of the property the exact location of the property lines, water lines and utilities in connection with certain alterations and improvements which plaintiffs intended to make. Pursuant to this request Mrs. Notterman gave plaintiffs the keys to the buildings and permission to go on the premises. Plaintiff Ethel Gabbert, while walking around the property on this occasion, fell through what appeared to be the natural surface of the ground into a subsurface hole or air pocket near the outside of the masonry walls of an underground cesspool. The hole was approximately 12 inches in diameter and had been covered over with earth so that it was not visible. Mrs. Gabbert testified that she saw no hole in the ground; that "it was seemingly just a natural ground, it kind of opened up and I went down." There is no evidence in the record that defendant John A. Wood or his agent, Mrs. Notterman, knew of the existence of the subsurface hole or air pocket prior to the accident. The evidence shows that there was no apparent irregularity in the appearance of the surface of the ground and nothing to indicate the existence of such a subsurface hole to defendant John A. Wood, his agent, or the plaintiffs.

The trial court found that the existence of such a subsurface hole could not have been discovered by defendant John A. Wood or his agent in the exercise of ordinary care or diligence at or prior to the occurrence of the accident; that the injuries and damages claimed to have been sustained by plaintiffs were the result of an inevitable and unavoidable accident and were not proximately caused or contributed to by the carelessness or negligence of or imputed to defendant John A. Wood. These findings are supported by substantial evidence and cannot here be disturbed. (*Estate of Bristol,* 23 Cal.2d 221, 223 [143 P.2d 689].)

Appellants argue that they were on the premises on July 7,

1951, as business invitees. However, the trial court found that they entered upon the property pursuant to permission and license given them by defendants' real estate broker for the purpose of taking measurements in connection with contemplated improvements to the property and not for any purpose or benefit to defendant John A. Wood. This finding is not attacked by appellants as being unsupported by the evidence and the record shows that plaintiffs visited the property on July 7, 1951, at their own request, for their own purposes and after the contract to buy the property had been executed.

As was said in *Koppelman* v. *Ambassador Hotel Co.*, 35 Cal.App.2d 537, 540 [96 P.2d 196] :

"It is well settled that the owner or occupant of a building, who, expressly or impliedly, invites a person to come upon his premises, is under a duty to exercise ordinary care to render the premises reasonably safe. (*Herzog* v. *Hemphill*, 7 Cal. App.116 [93 P. 899].) The invitation to use the premises is inferred where there is a common interest or mutual advantage. (*Buckingham* v. *San Joaquin Cotton Oil Co.*, 128 Cal.App. 94 [16 P.2d 807].) The keeper of a public place of business is bound to keep his premises and the passageways to and from it in a safe condition and to use ordinary care to avoid accidents or injury to those properly entering upon his premises on business. (*Corbett* v. *Spanos*, 37 Cal.App. 200 [173 P. 769].) But as to the rights of a licensee, it is the law that where a person goes upon the premises of another without invitation and simply as a bare licensee, and the owner of the property passively acquiesces in his coming, if an injury is sustained by reason of a mere defect in the premises, the owner is not liable for negligence for such person has taken all the risk upon himself. (*Means* v. *Southern Calif. Ry. Co.*, 144 Cal. 473 [77 P. 1001, 1 Ann.Cas. 206].) Such proprietor assumes no duty to the one who is on his premises by permission only and as a mere licensee, except that while on the premises no wanton or wilful injury shall be inflicted upon him. (*Herzog* v. *Hemphill, supra.*)"

There is no evidence in the record before us that defendant John A. Wood wilfully or wantonly injured plaintiffs or either of them. Even if we assume that plaintiffs were business invitees as contended by appellants, the evidence supports the finding that defendant John A. Wood did not fail to exercise ordinary care under the circumstances.

Appellants argue that John A. Wood had knowledge of the dangerous condition of the premises by reason of a letter

written to him by Mrs. Notterman on May 13, 1951. However, this letter was admitted in evidence for a limited purpose and Mrs. Notterman testified that at the time she wrote it she did not know whether the cesspool was or was not caved in and did not know where the cesspool was located. She described a depression in the ground on the premises which was not connected with the cavity into which Mrs. Gabbert fell. The existence of the subsurface hole was not known to Mrs. Notterman or any of the parties. It was covered with earth and not visible to anyone walking over it.

Judgment affirmed.

Barnard, P. J., concurred.